UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GALE FORCE NINE LLC, | |
| Plaintiff, | CASE NO. 2:20-cv-01700-RAJ-BAT |
| v. | **REPORT AND RECOMMENDATION** |
| WIZARDS OF THE COAST LLC, | |
| Defendant. | |

Before the Court is Plaintiff Gale Force Nine LLC's ("GF9's") Motion for Temporary Restraining Order, which was filed as an emergency *ex parte* motion and noted for consideration the same day it was filed. Dkt. 4. This motion follows the filing of GF9's Complaint two days ago, on November 17, 2020. Summons for Defendant Wizards of the Coast LLC ("Wizards") has issued, but the Complaint has not yet been served. Dkt. 3. The undersigned recommends the motion be denied.

**DISCUSSION**

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox C*o., 434 U.S. 1345, 1347 n.2, 98 S.Ct. 359, 54 L.Ed.2d 439 (1977) (Rehnquist, J.). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

REPORT AND RECOMMENDATION - 1

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 128 S.Ct. 2207, 2218–19, 171 L.Ed.2d 1 (2008)); *see also Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir.2009). This is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *NRDC*, 129 S.Ct. at 376. This "clear showing" requires Plaintiff to show more than a mere "possibility" of irreparable harm, but instead he must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 375 (emphasis in original); *Am. Trucking Ass'ns*, 559 F.3d at 1052.

When a plaintiff has not provided notice of its application to the defendant, Federal Rule of Civil Procedure 65(b)(1) imposes specific requirements prior to the issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1). "The stringent restrictions imposed ... by Rule 65[ ] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) (footnote omitted).

Accordingly, "courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir.2006). "For example, an *ex parte* TRO may be appropriate 'where notice to the adverse party is impossible

REPORT AND RECOMMENDATION - 2

either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id*. (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir.1984)). Alternatively, "[i]n cases where notice could have been given to the adverse party, courts have recognized a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Id*. (quoting *Am. Can Co*., 742 F.3d at 322).

Here, there is no evidence that notice to Wizards is impossible, that any efforts to serve Wizards with notice were undertaken, or that notice would render fruitless the further prosecution of this action. Although the CEO of GF9 provided his declaration setting forth allegations of harm that will occur if Wizards terminates the parties' 2017 Agreement, GF9 provides no written certification of any efforts to give notice to Wizards. Thus, GF9 has failed to meet the second requirement of Rule 65(b)(1). GF9 has also not demonstrated that notice is impossible or would render further prosecution of the action fruitless, as is required for an *ex parte* TRO. *Reno Air Racing*, 452 F.3d at 1131.

Because GF9 has failed to meet the requirements for a TRO without notice, the undersigned does not reach the merits of its irreparable harm allegations, and recommends that GF9's motion for temporary restraining order (Dkt. 4) be **DENIED**. If GF9 is able to meet the stringent restrictions imposed by Rule 65, it may do so in its objections.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 3

Objections, however, may be filed and served upon all parties no later than **December 4, 2020**. The Clerk should note the matter for **December 7, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

DATED this 19th day of November, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4